JiSCHOTT, Chief Judge.
This is a suit by an assignee of the Federal Deposit Insurance Corporation (FDIC) on notes executed by defendants. The trial court sustained an exception of prescription and dismissed the suit on June 19, 1995. Plaintiff has appealed. Because the only issue was decided adversely to defendants’ on September 5, 1995, in N.S.Q. Associates v. Beychok, 659 So.2d 729 (La.1995), we reverse and remand to the trial court.
The notes sued on matured on June 1, 1989. Suit was filed on July 1, 1994. A suit on a note in Louisiana prescribes in five years after the note’s maturity. C.C. art. 3498.
The original holder of the note, Crescent City Bank, failed in 1988 and the FDIC was appointed the receiver of its assets including the notes sued on. The FDIC assigned the notes to plaintiff. The Financial Institutions Reform, Recovery and Enforcement Act contains a provision in 12 U.S.C A. § 1821(d)(14) which provides for a six year statute of limitations from the time of the appointment of the receiver of the failed institution. This occurred here in December 1988.
In the trial court the defendants argued that the six year prescriptive period did not apply to a private assignee like the plaintiff. On the basis of the |2First Circuit’s decision in the N.S.Q. case, the trial court agreed with the defendants. However, the Supreme Court has since reversed the Court of Appeal and concluded that the six year prescriptive period does indeed apply to an assignee like the plaintiff.
Defendants did not file a brief in this court apparently acknowledging that their case is controlled by N.S.Q.
Accordingly, the judgment of the trial court is reversed and set aside. Defendants exceptions are overruled and the case is remanded to the trial court for further proceedings. All costs of this appeal are assessed to the defendants.

REVERSED AND REMANDED.